# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH B., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 25-2180 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                November 21, 2025

Joseph B. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is granted and the case remanded to the Commissioner.

### I.     PROCEDURAL HISTORY[1]

On September 12, 2022, Plaintiff applied for DIB, alleging disability that commenced on March 1, 2020. R. 17. The claim was denied, initially and upon reconsideration; therefore, Plaintiff requested a hearing. *Id.* On May 15, 2024, Plaintiff appeared for a telephonic hearing, before Christine McCafferty, Administrative Law Judge ("the ALJ"); Plaintiff, represented by an attorney, and Beth Crain, a vocational expert, ("the VE") testified at the hearing. *Id.* On May 30,

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply ("Reply"), and the administrative record. ("R.").

2024, the ALJ, using the sequential evaluation process ("SEP") for disability,[2] issued an unfavorable decision. R. 17-25. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on March 17, 2025, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff now seeks judicial review, and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    <u>Personal History</u>

Plaintiff, born on October 11, 1968, R. 24, was 55 years old on the date of the ALJ's decision. He completed high school and one year of college, lives with his fiancée and last worked in 2020. R. 42-43.

B.    <u>Plaintiff's Testimony</u>

At the May 15, 2024 administrative hearing, Plaintiff testified about his limitations. He suffers from pain in his neck, lower back, and extremities. R. 44. Plaintiff stated that his

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

prescribed pain medication only provided approximately two hours of relief for each dosage; physical therapy has not provided adequate pain relief. R. 45-46. He performs no household chores and estimates that he could lift only five to ten pounds. R. 47-48.

C.   Vocational Testimony

The VE testified that Plaintiff's past jobs as a bus driver and shuttle driver were both semi-skilled[3] jobs, typically performed at the medium[4] level of exertion. R. 50. The ALJ asked the VE to consider a person, of Plaintiff's age, education and work experience, who was able to perform medium work, stand and walk for six hours, sit for six hours, occasionally climb ropes, ladders and scaffolds, and occasionally crawl; he needed to avoid concentrated exposure to extreme cold, vibration and moving or dangerous machinery. R. 51-52. The VE opined that this person could perform Plaintiff's past bus driver and shuttle driver jobs. R. 52. If the same person could only occasionally reach with one upper extremity, all past work would be precluded. R. 55. Nevertheless, the VE identified alternative medium, unskilled[5] jobs the hypothetical person could perform: (1) hand packager, 70,000 positions in the national economy; (2) laundry worker, 4,000 positions in the national economy; and (3) bus cleaner, 53,000 positions in the national economy. R. 55-56.

### III.   THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1.   [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2024.

---

[3] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R. § 404.1568(b). It is less complex than skilled work but more complex than unskilled work. *Id.* "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." *Id.*
[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).
[5] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).

2. [Plaintiff] has not engaged in substantial gainful activity since March 1, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. [Plaintiff] has the following severe impairments: cervical and lumbar degenerative disc disease; and right shoulder arthritis (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he can only occasionally climb ladders, ropes, or scaffolds, occasionally crawl, and frequently perform other postural activities. Additionally, he can occasionally reach overhead. [Plaintiff] has to avoid concentrated exposure to extreme cold, vibration, and moving or dangerous machinery.

6. [Plaintiff] is capable of performing past relevant work as a bus driver and shuttle bus driver. This work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity (20 CFR 404.1565).

7. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from March 1, 2020 through the date of this decision (20 CFR 404.1520(f)).

R. 19-20, 23, 25.

### IV.   DISCUSSION

A.   <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of

evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.    Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially

demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C. Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff could perform his past relevant work, hence, he was not disabled. R. 17-25. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by failing to: (1) identify medical evidence to substantiate her assessment of Plaintiff's residual functional capacity ("RFC"); and (2) properly assess the medical opinions of the consultative examiner and the two medical consultant doctors. Pl. Br. at 1-15. The Commissioner denies Plaintiff's assertions. Resp. at 1-11. This court finds that the ALJ did commit reversible legal error when rejecting the opinions of the two medical consultants. Hence, this case must be remanded.

1. The ALJ did not Err when Failing to Cite Medical Evidence to Support her RFC Assessment

Plaintiff first argues that the ALJ's RFC assessment lacks substantial evidence, because she failed to identify medical evidence to support the components of her RFC assessment. Pl. Br. at 3-11. This argument lacks merit, because it is well-established that an ALJ is not required to identify medical evidence to support the components of her RFC assessment. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011). Indeed, the current regulations indicate that a doctor's opinion concerning RFC is a matter reserved to the Commissioner. 20 C.F.R. § 404.1520b(c)(v).

2. <u>The ALJ's Assessment of Two Medical Opinions Constitutes Reversible Error</u>

Next, Plaintiff argues that the ALJ committed reversible legal error when assessing the medical opinions of consultative examiner Preksha Patel, NP, and non-examining medical consultants Glenda Cardillo, M.D. and Wadicar Nugent, M.D. Pl. Br. at 11-15. He relies upon their uniform opinion that he could only perform light[6] work. *Id.* This court finds that the ALJ did not err with respect to NP Patel but did with respect to Drs. Cardillo and Nugent.

The governing regulations require an ALJ to explicitly consider supportability and consistency when evaluating medical opinions. 20 C.F.R. § 1520c(b)(2).[7] Supportability refers to the objective medical evidence and explanations the source himself or herself provides to justify the opinions. 20 C.F.R. § 1520c(c)(1). Consistency refers to how consistent the objective medical and other evidence is with the source's opinions. 20 C.F.R. § 1520c(c)(2). This regulation is consistent with the enabling statute. *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Ci. 2024).

In this case, the ALJ did apply the factors of supportability and consistency when rejecting NP Patel's opinion. R. 22-23. That is, the ALJ determined that NP Patel did not support her opinion well because the results of her physical examination of Plaintiff were mostly unremarkable. R. 22. Furthermore, the ALJ noted that Plaintiff's own function report and other medical records indicating that his pain was controlled with medication were inconsistent with NP Patel's opinion that Plaintiff could only perform light work. R. 22-23. Because the ALJ complied with the applicable regulations by explicitly addressing both supportability and consistency, there is no basis to find that she committed legal error when evaluating the persuasiveness of NP Patel's

---

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).
[7] Other relevant factors which may be considered are: the source's relationship to the claimant, the source's specialization and other factors. 20 C.F.R. § 404.1520c(c)(3)-(5).

opinion that Plaintiff could only perform light work.[8]

However, when addressing the opinions of Drs. Cardillo and Nugent, the ALJ completely failed to consider supportability and, at best, incompletely addressed the required factor of consistency. R. 23. That is, the ALJ did not explain why either doctor's opinion was not supported by the evidence and explanations they provided. Indeed, the ALJ does not even mention the explanations they provided. *See id.* Furthermore, as to consistency, while the ALJ suggested that the doctors' opinions were inconsistent with evidence in the record that Plaintiff's pain was controlled by pain medication, *id.*, the ALJ ignored the fact that their opinions were consistent with each other. *Id.* In sum, the ALJ's failure to consider supportability and incomplete application of the consistency factor renders her decision legally flawed. This error is harmful, because, if Plaintiff can only perform light work, he cannot perform his past relevant jobs, which were all medium exertion and, once attaining age 55, on October 11, 2023, he might be disabled, pursuant to Medical-Vocational Rule 202.06.[9]

An implementing Order and Judgment Order follow.

---

[8] It is true that NP Patel's opinion is consistent with the opinions of Drs. Cardillo and Nugent. However, the ALJ's failure to consider this fact is not critical herein, because she did cite other evidence that was inconsistent with NP Patel's opinion, and she did properly address supportability.

[9] Whether Plaintiff would be disabled under Medical-Vocational Rule 202.06 depends on whether he has transferrable skills, a question the VE was not asked to consider.